UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
QUILLIAN VIRGIL,

               Plaintiff,                           **MEMORANDUM & ORDER**

     - against -                                       19-CV-1473 (PKC)

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.
-------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

Plaintiff Quillian Virgil filed this action pursuant to 28 U.S.C. § 405(g) to challenge an adverse determination by the Social Security Administration ("SSA"), which denied Plaintiff benefits. After briefing, this Court granted Plaintiff's motion for judgment on the pleadings and remanded to the SSA, where Plaintiff was awarded $124,908 in past-due benefits. Plaintiff's counsel, Richard Seelig, now moves for $13,280 in attorney's fees pursuant to 42 U.S.C. § 406(b). For the reasons explained below, Mr. Seelig's motion is GRANTED.

## BACKGROUND

Plaintiff filed this action on March 14, 2019. (Dkt. 1.) The parties cross-moved for judgment on the pleadings, and this Court granted Plaintiff's motion, denied the SSA's motion, and awarded Plaintiff $7,555.64 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (*See* Dkts. 10, 12, 13, 16, 18; 12/21/2020 Docket Order.) By Notice of Award letter dated April 17, 2021, the SSA informed Plaintiff that he was entitled to $124,908 in past-due benefits, and that 25% ($40,780) would be withheld as possible fees for his attorney. (Dkt. 28-2.) On May 1, 2021, Mr. Seelig filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b), but requested that the Court defer ruling on the motion until the SSA issued a decision on Mr. Seelig's request for fees for work performed before the agency pursuant to 42 U.S.C.

1

§ 406(a).  (*See* Dkts. 19, 20.)  This Court granted the request, and the motion was withdrawn.  (*See* Dkts. 24, 25; 11/18/2021 & 11/19/2021 Docket Orders.)  Mr. Seelig was awarded $27,500 for his work before the agency (Dkt. 27 at 3), and then renewed his § 406(b) motion on January 4, 2022, seeking $13,280 for work performed before this Court.  (Dkts. 26, 27, 28.)  Along with his motion, Mr. Seelig has submitted a fee agreement, demonstrating that Mr. Virgil retained Mr. Seelig on a 25% contingency-fee basis, and itemized time records, indicating that Mr. Seelig spent a total of 36.2 hours litigating this matter before this Court.  (Dkts. 28-1, 28-3.)  $13,280 for 36.2 hours of work would be an effective hourly rate of $366.85 per hour, and $27,500 plus $13,280 is $40,780, equal to 25% of Plaintiff's past-due benefits.  The SSA has filed a response to Mr. Seelig's request, noting that Mr. Seelig's motion was timely filed and that his fee request appears reasonable.  (Dkt. 29.)

## DISCUSSION

### I.   Timeliness

Motions for attorney's fees under 42 U.S.C. § 406(b) must be filed within the 14-day filing period proscribed by Rule 54(d) of the Federal Rules of Civil Procedure.  *Sinkler v. Berryhill*, 932 F.3d 83, 91 (2d Cir. 2019).  The 14-day period begins to run from when "counsel receives notice of the benefits award," and the law presumes that "a party receives communications three days after mailing."  *Id.* at 87–89 & n.5.  Here, the notice of award letter was dated April 17, 2021, and Mr. Seelig filed his motion on May 1, 2021.  The present motion was thus timely filed.

### II.   Reasonableness of the Requested Fee

Section 406(b) of the Social Security Act provides that a court may award a "reasonable fee . . . not in excess of 25% of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b).  The Second Circuit has held that a court's determination of whether fees

2

requested under § 406(b) are reasonable should "begin with the agreement, and [that] the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).

To determine whether a fee is "unreasonable," a district court should consider: (i) "whether the contingency percentage is within the 25% cap"; (ii) "whether there has been fraud or overreaching in making the agreement"; and (iii) "whether the requested amount is so large as to be a windfall to the attorney." *Id.* at 372; *see also Barbour v. Colvin*, No. 12-CV-548 (ADS), 2014 WL 7180445, at *1 (E.D.N.Y. Dec. 10, 2014) (same). In addition, if fee awards are made to a claimant's attorney under both the EAJA and § 406(b), the attorney must refund the claimant the amount of the smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 789 (2002); *Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients."); *Barbour,* 2014 WL 7180445, at *2 (citing *Porter v. Comm'r of Soc. Sec.*, No. 06-CV-1150 (GHL), 2009 WL 2045688, at *3 (N.D.N.Y. July 10, 2009)).

The courts in this Circuit have identified several relevant considerations as to whether a requested award of attorney's fees would constitute a windfall: (1) whether the attorney's efforts were particularly successful for the plaintiff; (2) whether the effort expended by the attorney is demonstrated through non-boiler-plate pleadings and arguments that involved both real issues of material fact and required legal research; and (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases. *Rowell v. Astrue*, 05-CV-1592 (CBA) (JMA), 2008 WL 2901602, at *1 (E.D.N.Y. July 28, 2008) (quoting *Trupia v. Astrue*, No. 05-CV-6085, 2008 WL 858994, at *4 (E.D.N.Y. March 27, 2008)). In addition, "[a]lthough the reviewing court may not use the lodestar method to calculate the fee due, a record of the number of hours

3

spent on the case in federal court may assist a court in determining whether a given fee is reasonable." *Benton v. Comm'r of Soc. Sec.*, 03-CV-3154 (ARR), 2007 WL 2027320, *2 (E.D.N.Y. May 17, 2007).

Here, Plaintiff retained Mr. Seelig pursuant to a 25% contingency-fee agreement. (Dkt. 28-1.) There are no allegations of fraud or overreaching with respect to the retainer agreement. (*See* Dkt. 29.) Twenty-five percent of the past-due benefits in this case would be $40,780. (Dkt. 16-1.) Mr. Seelig has already received $27,500 for his work before the SSA, and now seeks $13,280 for the work he performed before this Court. (Dkts. 26, 27 at 3.) Mr. Seelig acknowledges that, upon receiving a § 406(b) award, he will remit the $7,555.64 received pursuant to the EAJA to Plaintiff. (Dkt. 27 at 11.)

The Court finds that a § 406(b) award of $13,280 is reasonable in this case. Specifically, the Court finds that the requested amount, combined with the fees received for work before the SSA, does not exceed the statutory maximum of 25% of Plaintiff's past-due benefits; 36.2 hours was a reasonable amount of time to spend litigating this matter before this Court;[1] $366.85 is a reasonable effective hourly rate;[2] and the total fees received will not be a windfall to Mr. Seelig,

---

[1] *See, e.g.*, *Epstein v. Comm'r of Soc. Sec.*, No. 19-CV-3624 (PKC), 2021 WL 1998745, at *3 (E.D.N.Y. May 19, 2021) ("32.6 hours is a reasonable amount of time to work on a social security case in this Court."); *Collins v. Saul*, No. 16-CV-6673 (PKC), 2020 WL 4676353, at *2 (E.D.N.Y. Aug. 11, 2020) (24.5 hours); *Tamburri v. Saul*, No. 16-CV-5784 (PKC), 2019 WL 6118005, at *1 (E.D.N.Y. Nov. 18, 2019) (29.4 hours); *Morris v. Saul*, No. 17-CV-259 (PKC), 2019 WL 2619334, at *1 (E.D.N.Y. June 26, 2019) (32.5 hours); *Sweda v. Berryhill*, No. 16-CV-6236 (PKC), 2019 WL 2289221, at *1 (E.D.N.Y. May 28, 2019) (34.9 hours); *Rivera v. Berryhill*, No. 13-CV-5060 (PKC), 2018 WL 2436942, at *1 (E.D.N.Y. May 30, 2018) (39.5 hours); *Colon v. Berryhill*, No. 15-CV-06314 (PKC), 2018 WL 1730335, at *1 (E.D.N.Y. Apr. 9, 2018) (21.8 hours); *Karki v. Comm'r of Soc. Sec.*, No. 13-CV-6395 (PKC), 2018 WL 1307947, at *1 (E.D.N.Y. Mar. 13, 2018) (21.1 hours).

[2] *See, e.g.*, *Diberardino*, 2020 WL 6746828, at *5 (reducing an effective hourly rate of $642.29 to $500); *Sweda*, 2019 WL 2289221 *3 (reducing an effective hourly rate of $675 to

but will achieve the policy goal of incentivizing counsel to assist claimants in their social security appeals. *See Devenish v. Astrue*, 85 F. Supp. 3d 634, 639 (E.D.N.Y. 2015) ("[A]n award . . . amounting to an hourly rate of $350 . . . satisfies the underlying policy goal of ensuring that claimants have qualified counsel in their social security appeals.").

## CONCLUSION

For the foregoing reasons, it is hereby ordered that the motion for attorney's fees under 42 U.S.C. § 406(b) is granted, and attorney Richard Seelig is awarded $13,280. Upon receipt of this award from the government, Mr. Seelig shall promptly refund Plaintiff $7,555.64, which represents the EAJA fees already received by counsel. The case remains closed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: January 24, 2022
Brooklyn, New York

---

$500); *Arroyo v. Comm'r of Soc. Sec.*, No. 14-CV-3513 (PKC), 2018 WL 2088013, at *3 (E.D.N.Y. May 4, 2018) (reducing an effective hourly rate of $710.66 to $500).